UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jill H. Coffman, | No. 2:23-cv-02495-KJM-DB |
| Petitioner, | ORDER |
| v. | |
| UPS Supply Chain Solutions, Inc., | |
| Respondent. | |

Earlier this year, the court granted petitioner Jill Coffman's request for a temporary injunction against respondent UPS Supply Chain Solutions, Inc. under section 10(j) of the National Labor Relations Act. *See generally* Prior Order (Jan. 3, 2024), ECF No. 23. Pending the final disposition of the matters before the National Labor Relations Board, the court enjoined respondent from engaging in actions that interfered with its employees' rights to unionize. *See id.* at 17. The court also ordered respondent to offer to reinstate Daniel Valadez, rescind his unlawful suspension and discharge, post physical copies of the court's order, convene a training and then file sworn affidavits with the court showing compliance. *Id.* at 17–20.

Sworn declarations were filed with the court within the mandated time indicating respondent had complied with the court's order. *See* Daniels Decl., ECF No. 25; Carrillo Decl., ECF No. 26. Subsequently, the court ordered the parties to show cause within seven days why, given the declarations asserting compliance, the case should not be closed in its entirety. Prior

1

Order (Feb. 6, 2024), ECF No. 27.  Respondent replied requesting the court close the case given its compliance with the court's prior order.  Resp. Reply, ECF No. 28.  Petitioner did not respond, and the court closed the case.  *See* Prior Order (Feb. 26, 2024), ECF No. 29.

Now, in a letter dated May 28, 2024, petitioner informs the court the Administrative Law Judge (ALJ) has issued a ruling sustaining the complaint's allegations.  *See* Request at 1, ECF No. 30.  Petitioner contends the ALJ's decision is not final until acted on by the Board and respondent has until June 7, 2024, to appeal.  *Id.*  Petitioner styles its filing as a "request for continued injunctive relief," and states this court's injunction needs to remain in place.  Petitioner notes she will continue to keep the court apprised of developments in the underlying administrative matter.  *Id.*

The court has reviewed petitioner's filing.  Even though petitioner identifies it as a "request," it is not presented as a motion for administrative relief under Local Rule 233, nor is it noticed on the court's civil motion calendar under Local Rule 230.  The court takes no action based on the filing other than to issue this clarifying order.

This order resolves ECF No. 30.

IT IS SO ORDERED.

DATED: June 6, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE